PER CURIAM.
The appellee has petitioned this court for review of a supersedeas order entered by the trial court. See rule 5.10 F.A.R., 32 F.S.A.
An unsecured money judgment was entered against the defendant in the court below in the amount of $75,000, based on a verdict which awarded to the plaintiff John V. Didich individually the sum of $20,-000, and to the plaintiff in his capacity as administrator of the estate of Kay Didich, deceased, awarded $20,000 compensatory damages and $35,000 punitive damages.
The defendant made a partial payment of $20,000 on the judgment, to Didich individually, and paid the adjudged costs. The defendant then appealed, naming as appellee Didich in his capacity as administrator. On the appellant’s application to the trial court for an order fixing the amount and conditions of supersedeas bond, the trial court entered the order which is now under review, in which it was provided that the appeal should operate as a stay *29 or supersedeas of the unpaid balance of the judgment ($55,000) upon filing a bond in the amount of $25,000, “conditioned as required by law.”
The appellee contends that the supersede-as bond was required to be for the full amount of the judgment remaining unpaid, plus such sum as the trial court should require in addition for interest and costs, citing rule 5.7 F.A.R., and § 59.13 Fla.Stat., F.S.A. The appellant argues that it was within the discretion of the trial judge to grant a stay or supersedeas of this unsecured money judgment without requiring a supersedeas bond for the full amount thereof remaining unpaid.
Florida Appellate Rule 5.7, relied on by the appellee, is clear and definite to the effect that on supersedeas of such a; money judgment “the bond shall be conditioned to satisfy the judgment or decree or any modification not increasing the amount thereof, in full, including costs, interest (if chargeable), and damages for delay, in event the appeal be dismissed or the judgment, order or decree is affirmed.” Section 59.13(3) Fla.Stat., F.S.A. is to like effect.
We hold, as contended for by the appel-lee, that the supersedeas order entered by the trial court failed to satisfy the requirements of the cited rule and statute. Accordingly, the challenged order is reversed, and the cause is remanded to the trial court with directions to enter an order fixing the amount and conditions of supersedeas bond as provided for in such case by rule 5.7 F.A.R., and § 59.13(3) Fla.Stat., F.S.A.; whereupon, the appellant may elect to proceed with its appeal without supersedeas, or to supersede the judgment by filing bond as so required.
It is so ordered.